ALcFarlakd, J.,
delivered the opinion of the court:
Tomkins filed his bill against Freeman & Roscoe, and upon judgment pro confesso, had to sell a tract of land, which Roscoe had sold to Freeman by title bond, to pay the note for purchase money, which Roscoe had assigned to the complainant Tomkins. The land was sold and reported, but before confirmation, Freeman filed his bill of review, in which he assigns the following errors in the decree of sale:
1. The sale was ordered without ascertaining the amount due on the note' — that is, the interest was not ascertained.
2. The sale was ordered for one-third cash, and the balance in six and twelve months, without the right of redemption.
3. The decree does not show that the sale without the equity of redemption, was at the instance of the complainant.
Upon the appearance of the defendants, under the bill of review, Tomkins, who had bought the land for his debt and costs, or thereabouts, agreed that Freeman was entitled to, or should have, the equity of redemption, and thereupon the sale was confirmed, and Freeman appealed.
There is nothing in the first error assigned in the bill of review. The decree is, to sell for the payment of the note and interest. The note is set out in the decree, and the interest can be arrived at [with] mathematical certainty. In a bill to enforce a vendor’s lien a personal judgment is not essential; in fact, the old practice was different. But upon the second ground to sell for one-third cash should not have cut off the equity of redemption.
The question is, shall this he corrected by ordering a resale, or by simply confirming tlie sale already made, giving to Freeman the right of redemption?- "We are of opinion that, although the former may he the course indi *257 cated ab the strict, logical result, yet the latter gives to Freeman his substantial right of redemption. The chancellor’s decree in this respect will therefore be affirmed. Freeman’s right of redemption will continue two years from the confirmation in this court. The decree of confirmation in the court below was appealed from, an'd only becomes final upon affirmance here. In this respect Freeman obtained all the relief he was entitled to in the court below, except that the chancellor should have charged the costs of the bill of review, which was properly filed, to Tomkins. In this respect the decree will be modified, and otherwise affirmed.
The costs of this court will be paid by Tomkins.